### In re MOWBRAY ENGINEERING COMPANY, INC., Debtor.

**Bankruptcy No. 85–01938.**

United States Bankruptcy Court,
M.D. Alabama, S.D.

Sept. 23, 1986.

Thomas McGregor, Trustee, Montgomery, Ala., F. Henry Habicht, Cynthia S. Huber, Washington, D.C., Calvin Pryor, Montgomery, Ala., for movant.

Charles N. Parnell, Montgomery, Ala., for debtor.

### ORDER ON MOTION TO ABANDON PROPERTY

A. POPE GORDON, Bankruptcy Judge.

The motion of the trustee, Tom McGregor, to abandon property of the estate was heard September 23, 1986. The property sought to be abandoned is real estate and equipment used in connection with the former manufacturing business of the debtor. The property is said to be contaminated and a hazard to health and safety. Thus the trustee has been unable to reduce the property to money for the estate. The trustee is of the opinion that there would be no equity in the property even after decontamination by the United States Environmental Protection Agency (EPA). Therefore, he proposes to abandon the property and has given notice of such proposed abandonment and the hearing thereon to all creditors.

EPA filed a brief not opposing the abandonment. EPA requested an order granting EPA access to the property to conduct decontamination activities pursuant to 42 U.S.C. § 9604 and granting EPA priority over secured creditors to proceeds of a sale of the property subsequent to decontamination.

The position of EPA is sound. Although 11 U.S.C. § 554 permits a trustee to abandon property, the authority to abandon property must yield to governmental interests in public health and safety, which includes using assets of the estate for the necessary cleanup. *In re T.P. Long Chemical Inc.*, 45 B.R. 278 (Bankr., N.D. Ohio 1985). Here it appears that the estate has only nominal assets, far insufficient to accomplish the necessary cleanup. Any sale of the property must depend on the efforts of EPA to clean up the site. EPA stands in the shoes of the trustee in preserving the estate and is entitled, as the trustee would be but for abandonment, to recover costs upon sale of the property prior to satisfying any secured claims against the property. The facts in this case present substan-

tially the same issues as in the *Long* case. The *Long* case will be followed here.

Accordingly, it is ORDERED that—

1. The employees, authorized representatives, contractors, and consultants of the United States Environmental Protection Agency shall at all reasonable times have access to the premises of the Mowbray Engineering Company, Inc. for the purpose of conducting any response activities authorized by Section 104 of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9604.

2. The claim of EPA after conducting such response activities for costs of such activities is allowed as an administrative expense having first priority of payment under 11 U.S.C. § 503(b)(1)(A).

3. Abandonment of the property by the trustee is approved upon condition that the proceeds of any sale of the property in excess of the costs of such response activities shall be turned over to the trustee and administered as assets of this estate.

4. The trustee may reimburse himself for expenses incurred to date in administering the estate, in the amount of $130, and apply the remaining assets of the estate toward payment of the EPA claim.